IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| METRICA, INC., Plaintiff, | ) | No. 04-636C |
| v. | ) | (Judge Block) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's Introduction constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required.

Jurisdiction[1]

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Parties

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

---

[1] The complaint includes various headings. We do not believe that a response to these headings is necessary or appropriate. Should the Court conclude that a response is required, defendant responds that these headings constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The complaint does not contain a paragraph 3. Accordingly, no response is required.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Facts

5. Denies the allegation contained in paragraph 5 that the Government issued the solicitation on or about March 21, 2003; admits the remainder of the allegations contained in paragraph 5 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 5. Avers that the Government issued the solicitation on August 29, 2002.

6. Admits.

7. Admits the allegations contained in the first and second sentences of paragraph 7. Admits the allegation contained in the third sentence of paragraph 7 that ACS's proposal was more costly than Metrica's proposal; denies the remainder of the allegations contained in the third sentence of paragraph 7. Denies the allegations contained in the fourth and fifth sentences of paragraph 7. Admits the allegation, contained in the sixth sentence of paragraph 7, that Metrica was the incumbent; denies the remainder of the allegations in the sixth

sentence of paragraph 7. Admits the allegations contained in the seventh sentence of paragraph 7 that Denise Johnson was a Government employee who managed the DMLSS project; denies the remainder of the allegations contained in the seventh sentence of paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8. Admits the allegations contained in the second sentence of paragraph 8 that the Government permitted ACS to work on the DMLSS project pursuant to a bridge contract, despite the protest; denies the remainder of the allegations contained in the second sentence of paragraph 8. Denies the allegations contained in the third sentence of paragraph 8. Avers that the actions taken by the Government subsequent to Metrica's GAO protest were based upon the needs of the agency.

9. Admits the allegation contained in the first sentence of paragraph 9 that the protest litigation lasted "many weeks"; denies the remainder of the allegations contained in the first sentence of paragraph 9. Admits the allegation contained in the second sentence of paragraph 9 that the Government agreed to re-compete the DMLSS procurement; denies the remainder of the allegations contained in the second sentence of paragraph 9.

10. Admits.

11. Admits the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second

sentence of paragraph 11. Avers that the suspension of performance by Metrica following ACS's GAO protest was mandated by law.

12. Denies the allegations contained in the first and second sentences of paragraph 12. Admits the allegation contained in the third sentence of paragraph 12 that Ms. Johnson had conversations with, and sent electronic mail messages to, various individuals concerning this matter; denies the remainder of the allegations contained in the third sentence of paragraph 12. Denies the allegations contained in the fourth sentence of paragraph 12 because plaintiff has failed to identify the contracts to which it is referring. Admits the allegations contained in the fifth sentence of paragraph 12 that Pedro Gomez is an employee of MSGI and that MSGI is a subcontractor to ACS; denies the remainder of the allegations contained in the fifth sentence of paragraph 12. Admits the allegations contained in the sixth sentence of paragraph 12 that the ACS contract's statement of work does not include Metrica's work to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies these allegations; denies the remainder of the allegations contained in the sixth sentence of paragraph 12.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as

to their truth.

14. Admits the allegations contained in paragraph 14 to the extent supported by the protest cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits the allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17.

18. Denies the allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 18 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the solicitation cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 that "[t]he approach to staffing the project is to maintain the existing teams that are currently involved in the DMLSS 3.X deployment process, if possible," to the extent supported by the proposal cited, which is the best evidence of its contents; denies the remainder of the allegations contained in the first sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second, third, fourth, fifth, and sixth sentences of paragraph 20 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second, third, fourth, fifth, and sixth sentences of paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits the allegations contained in the first sentence of paragraph 24 that § L.2.1.2 of the solicitation "mandated that Metrica had to certify to two things – that the resume was accurate and that the individual would be available for assignment on the effective date of the contract" to the extent supported by the solicitation cited, which is the best evidence of its contents; denies the remainder of the allegations contained in the first sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second, third, fourth, and fifth sentences of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits the allegations contained in paragraph 25 that Metrica submitted resumes for three persons and that these persons were then ACS employees; admits the allegation contained in paragraph 25 that Metrica certified "that this resume is accurate and that (NAME OF PERSON) has agreed to work on this contract if awarded to Metrica, Inc." to the extent supported by the resumes cited, which are the best evidence of their contents; otherwise denies these allegations; denies the remainder of the allegations contained in paragraph 25 for lack of knowledge or

information sufficient to form a belief as to their truth.

26. Admits the allegation contained in the first sentence of paragraph 26 that Metrica proposed three ACS employees; denies the remainder of the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Denies the allegations contained in the first sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in the second sentence of paragraph 31 that "this question was not asked of them" for lack of knowledge or information sufficient to form a belief as to their truth; denies

the remainder of the allegations contained in the second sentence of paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegation contained in paragraph 33 that Section L.2.1 of the RFP required submission of certifications to the extent supported by the RFP cited, which is the best evidence of its contents; otherwise denies these allegations; denies the remainder of the allegations contained in paragraph 33.

34. Admits the allegations contained in the first sentence of paragraph 34. Admits the allegations contained in the second sentence of paragraph 34 that the solicitation did not require Metrica to have the proposed employee's agreement to submit his or her name or submit his or her resume to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies these allegations; denies the remainder of the allegations contained in the second sentence of paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the GAO decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegation contained in the first sentence of paragraph 36 that the Government contracting officer issued a contract modification on or about March 4, 2004; admits the remainder of the allegations contained in the first sentence of paragraph 36 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the first sentence of paragraph 36. Denies the allegations contained in the second sentence of paragraph 36. Admits the allegations contained in the third sentence of paragraph 36. Avers that the Government has withheld payment on two invoices from Metrica totaling $55,554.71.

37. Denies.

Count I

38. Defendant's responses to paragraphs 1 through 37 of the complaint are incorporated by reference.

39. Denies.

40. Denies.

41. Denies.

42. Denies.

43. Denies.

Count II

44. Defendant's responses to paragraphs 1 through 43 of the complaint are incorporated by reference.

45. The allegations contained in paragraph 45 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Count III

46. Defendant's responses to paragraphs 1 through 45 of the complaint are incorporated by reference.

47. Denies.

48. Denies.

49. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 48, or to any relief whatsoever.

50. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969
Attorneys for Defendant

OF COUNSEL:

LTC CHARLES HAYES
MAJ ANISSA N. PAREKH
U.S. Army Legal Services Agency

July 8, 2004

NOTICE OF FILING

I hereby certify that on July 8, 2004, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus