IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| METRICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-636C<br>(Judge Block) |

JOINT PRELIMINARY STATUS REPORT

The parties submit this joint preliminary status report pursuant to paragraph III of Appendix A to the Rules of the Court. The paragraph designations below correspond to the paragraph designations in paragraph III of Appendix A.

a. Does the Court have jurisdiction over the action?

The plaintiff believes that the Court possesses jurisdiction to entertain this suit. Defendant is currently unaware of any impediment to the Court's jurisdiction.

b. Should this case be consolidated with any other case and the reasons therefor?

At the present time, the parties agree that this case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated and the reasons therefor?

At the present time, the parties agree that the trial of liability and damages should not be bifurcated.

d. Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?

At the present time, the parties agree that further proceedings should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Will a remand or suspension be sought and the reasons therefor and the proposed duration?

At the present time, neither party intends to seek a remand or suspension.

f. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?

At the present time, neither party intends to join any additional parties.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, a schedule for the intended filing?

At the present time, neither party intends to file such a motion. However, as the parties learn more about the case, either party may conclude that such a motion is appropriate.

h. What are the relevant factual and legal issues?

The relevant issues are:

Plaintiff's Issues

1. Whether the Government's termination of Metrica, Inc.'s ("Metrica") contract and award of that contract to ACS Government Services, Inc. ("ACS") was arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and without observance of procedure required by law.

2. Whether the Government's termination of Metrica's contract constitutes a breach of contract.

3. Whether the Government's withholding of payments due to Metrica constitutes a breach of contract.

4. Whether the General Accounting Office's ("GAO") decision in ACS Government Services, Inc., No. B-293014 (Jan. 20, 2004), was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and without observance of procedure required by law.

5. Whether the Government's decision to terminate Metrica's contract and deny Metrica the opportunity to compete for and/or receive and/or perform under the DMLSS contract and to instead award that contract to ACS was made in bad faith.

6. Whether the Government's actions violate FAR § 3.101.

Defendant's Issues

1, Whether the Government's termination of Metrica's contract and award of that contract to ACS was per se reasonable,

non-arbitrary, not capricious, and not a breach of contract, because the Government's actions were consistent with the recommendation of the GAO, as stated in ACS Government Services, Inc., No. B-293014 (Jan. 20, 2004), recon. denied, No. B-293014.2 (Mar. 1, 2004).

2. Whether the Government's withholding of payments due to Metrica was not a breach of contract because the Government's actions were consistent with the recommendation of the GAO, as stated in ACS Government Services, Inc., No. B-293014 (Jan. 20, 2004),

3. Whether this Court can entertain the question as to whether the GAO's decision in ACS Government Services, Inc., No. B-293014 (Jan. 20, 2004), was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and without observance of procedure required by law.

4. Whether this Court possesses the power to issue a declaration that the Government's termination of Metrica's contract was wrongful and that the Government should re-instate Metrica's contract.

5. Whether this Court possesses the power to issue an injunction that requires the Government to reinstate Metrica's

contract.

6. Whether this Court possesses the power to issue an injunction that precludes the Government from deducting amounts otherwise due to Metrica and reinstating payments owing to Metrica.

7. If the Court concludes that Metrica is entitled to damages, the amount to which Metrica is entitled.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties intend to explore settlement, and the use of alternative dispute resolution, once discovery has been completed, and will make every effort to settle this case.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?

The parties cannot determine whether it will be necessary to proceed to trial until after completion of discovery. The parties do not request expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

At the present time, the parties are not aware of any special issues regarding electronic case management.

l. Is there other information of which the Court should be aware at this time?

At the present time, the parties are not aware of any other information of which the Court should be aware.

PROPOSED DISCOVERY PLAN

Counsel intend to conduct simultaneous fact discovery via interrogatories, requests for the production of documents, requests for admissions, and depositions. The parties propose the following schedule:

1. The parties will complete fact discovery by March 31, 2005.

2. The parties agree that the expert reports required by RCFC 26(a)(2)(B), if any, will be provided on or before May 15, 2005.

3. The parties will complete expert depositions by June 30, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Edward J. Tolchin

EDWARD J. TOLCHIN
Fettman, Tolchin & Majors, P.C.
10509 Judicial Drive, Suite 300
Fairfax, VA 22030
Tele: (703) 385-9500
Fax: (703) 385-9893

Attorney for Plaintiff

DATED: August 20, 2004

/s Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

DATED: August 30, 2004

OF COUNSEL:

MAJ Anissa N. Parekh
U.S. Army Legal Services
Agency

NOTICE OF FILING

I hereby certify that on August 30, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus