IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| METRICA, INC., | ) | March 10, 2005 |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-636C |
| v. | ) | (Judge Block) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DISCOVERY ORDER**

WHEREAS discovery and other proceedings in this case may require the review of numerous documents and other information to determine whether they are protected from discovery by various privileges or other protections;

WHEREAS the parties have expressed a need to allow discovery to proceed in an expeditious and efficient manner in this case without waiver of any privilege or other protection;

It is hereby ORDERED BY THE COURT:

General Provisions

1. The term "Documents Produced" means all documents and/or information of any kind made available for review or produced in any manner during this litigation from a party or parties to another party or parties.

2. This order applies only to documents produced subsequent to the entry of this order.

Provisions Regarding Privileged Material

3. In view of the large volume of documents that may be produced by the parties, the parties recognize that they may produce documents that could have been withheld in whole or in part upon the basis of privilege or some other

protection. Therefore, any production of all or part of a document shall not constitute a waiver of any privilege or other protection as to any portion of that document, in this or in any other proceeding, provided that the producing party shall notify the receiving party, as soon as practicable, of the production of all or portions of a privileged or otherwise protected document. Such notice shall be in writing, shall be served upon counsel of record, and shall contain information sufficient to (1) identify the document, including information as necessary to locate the materials produced; (2) identify the privilege or protection alleged; and (3) explain the basis for the invocation of the privilege or protection.

4. Within 14 days of service of notice upon the receiving party pursuant to paragraph 3 above, the parties shall confer and attempt to reach agreement regarding the privilege or protection that may apply to the document or any portion of the document. If the parties agree that a privilege or protection applies to the document or any portion of the document, the receiving party shall return the document and any copies to the producing party (or make appropriate redactions) and shall not refer to the allegedly privileged or protected material in any manner, whether written or oral, including but not limited to, referring to the allegedly privileged or protected material in any interrogatory, request for admission, document request, interrogatory response,

interview, deposition, oral argument, trial or submission to the Court, nor will the receiving party disclose the substance of that material to any third party. If the parties do not reach agreement regarding any privilege or protection that applies to the document, the party asserting a privilege or protection must file a motion for a protective order within 30 days of serving notice pursuant to paragraph 3 above demonstrating that there is good cause for the assertion of privilege or other protection, or else it waives the privilege or other protection with respect to the materials in issue. The receiving party shall not refer to the allegedly privileged or protected material in any manner, whether written or oral, including but not limited to, referring to the allegedly privileged or protected material in any interrogatory, request for admission, document request, interrogatory response, interview, deposition, oral argument, trial or submission to the Court, nor will the receiving party disclose the substance of that material to any third party, pending resolution of the claim of privilege or protection by the Court. Failure to assert a privilege or other protection as to part or all of a document shall not constitute a waiver of the privilege or other protection as to any part of the document not produced or as to any other document, communication, or information, even involving the same subject matter.

5. In no event, however, shall any notice or claim of privilege (see paragraph 3) be served, or any motion for a protective order (see paragraph 4) be filed regarding any documents subject to this order any later than 14 days before any pre-trial scheduling conference subsequently ordered by this court.

6. The Court's or the receiving party's recognition of the producing party's claim of privilege shall be followed immediately by expurgation by the receiving party of the pertinent documents produced and destruction of any copies, notes, memoranda, or other material derived therefrom or relating thereto.

7. Nothing in this discovery order shall prohibit a party from withholding from review and/or production any document covered by any privilege(s) nor alter the obligations imposed by Rule 26(b)(5) of the Rules of the Court of Federal Claims.

8. Experts from either party may review any document produced by either party, except to the extent found privileged under the procedures set forth above.

Provisions Regarding Administration of This Discovery Order

9. If plaintiff or defendant has cause to believe that a violation of this Order has occurred or is about to occur, it shall have the right to petition this Court for appropriate relief.

10. For good cause, plaintiff or defendant may seek a modification of this Discovery Order, first by attempting to obtain written consent of the other party to such modification, and then, absent consent, by application to this Court. No part of the provisions of the Discovery Order may be modified except in accordance with this paragraph or by written stipulation executed by counsel of record and approved by the Court. The provisions of this Discovery Order shall continue to be binding after the termination of this action unless otherwise ordered.

IT IS SO ORDERED.

______s/Lawrence J. Block_______________________
LAWRENCE J. BLOCK
Judge