IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| METRICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-636C |
| v. | ) | (Judge Block) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER;
TO ENLARGE THE FACT DISCOVERY PERIOD;
AND FOR EXPEDITED CONSIDERATION

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, defendant respectfully renews its request that this Court enter a Protective Order prohibiting the disclosure of secret, confidential, and other proprietary information in accordance with the terms and conditions set forth in the attached proposed Protective Order. Plaintiff's counsel has reviewed the proposed protective order and does not oppose this motion.

The Court denied the Government's previous motion because it concluded that the Government had not provided an adequate description of the information to be protected, or the reason the Court should issue the protective order. The Court stated that the Government could refile the motion "with the above consideration in mind."

Plaintiff has served document requests upon the Government that require the Government to produce documents that contain procurement sensitive information. For example, plaintiff has

requested invoices and documentation of time charges on several contracts. These documents contain procurement-sensitive information, such as the hourly rate paid the individuals working on these contracts.

Plaintiff has also requested documents exchanged between certain individuals, including Government employees who are involved in awarding and administering various Government contracts. These documents include procurement-sensitive information, including internal Government discussions with regard to the Government's requirements with regard to, and various contractor's performance of, various Government contracts. A protective order is necessary to maintain the confidentiality of the information contained in these documents.

The proposed protective order conforms to the standard protective order that appears as Form 8 in the Rules of the United States Court of Federal Claims (May 1, 2002), with one exception. The proposed protective order allows the party producing protected material to produce the documents in electronic form on a compact disk, and mark the outside of the compact disk with a notice that it contains protected material, rather than marking each electronic document on the compact disk. This approach will facilitate prompt and efficient production of the documents at issue, because there are many electronic documents that are responsive to plaintiff's document requests

and that may contain protected material.

Defendant also requests that the fact discovery period be enlarged by 57 days, to and until May 27, 2005. The fact discovery period is presently due to close on March 31, 2005. This is defendant's first request for an enlargement of time for this purpose. Plaintiff does not oppose this motion.

The parties have each served interrogatories and requests for the production of documents. Defendant has responded to plaintiff's interrogatories and has produced many of the documents requested by plaintiff, and will be able to produce the remainder of the requested documents shortly after entry of the protective order. Plaintiff has responded to defendant's interrogatories and document requests. The parties have yet to conduct any depositions, however. The 57 days requested is necessary for defendant to produce the remaining documents requested by plaintiff, and for the parties to conduct fact depositions.

Finally, defendant requests expedited consideration of this motion because it cannot complete responding to plaintiff's document requests until the protective order is in place, and fact discovery in this case is due to close in the near future. Plaintiff does not oppose this motion.

For the foregoing reasons, defendant respectfully requests that this Court issue the proposed Protective Order and enlarge

the fact discovery period by 57 days.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

MAJ ANISSA N. PAREKH
U.S. Army Legal Services Agency

March 15, 2005

NOTICE OF FILING

I hereby certify that on March 15, 2005, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER; TO ENLARGE THE FACT DISCOVERY PERIOD; AND FOR EXPEDITED CONSIDERATION" and attached draft "PROTECTIVE ORDER" with "ATTACHMENT A" and "ATTACHMENT B" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus