IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| METRICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-636C |
| v. | ) | (Judge Block) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT MOTION TO AMEND THE SCHEDULING ORDER

The parties jointly respectfully request the Court to amend the current scheduling order, as follows. The parties request the Court to enlarge by 63 days, to and including July 29, 2005, the time within which they must complete fact discovery. Fact discovery presently closes on May 27, 2005, the Court having granted defendant's previous unopposed motion for a 57-day enlargement. This is the party's first joint request for an enlargement of time for this purpose.

The Court granted the Government's unopposed motion for a protective order on March 28, 2005 and, pursuant to the terms of the protective order, plaintiff's counsel became authorized to receive documents that contain protected material as of April 1, 2005. The Government subsequently produced all of the remaining documents in its possession that were requested by plaintiff's document requests.[1]

---

[1] The Government produced eight compact disks with documents in electronic format and 2,586 pages of documents in hard copy.

Unfortunately, plaintiff's counsel was unable to access the documents that were provided in electronic format. These problems were resolved after numerous communications between counsel and Government technical personnel. As a result of these communications, plaintiff's counsel was required to purchase and install a new software program, and this program will now provide plaintiff's counsel with access to the documents provided by the Government in electronic format. In addition, one of the compact disks the Government sent plaintiff's counsel was apparently defective, and the Government had to send plaintiff's counsel a replacement for this disk.

The time requested is necessary, therefore, for plaintiff's counsel to complete reviewing the electronic documents; complete preparing to take depositions; and take depositions. Plaintiff plans to take no more than five depositions, and all of these witnesses are out of town. The time requested is also necessary for the Government to take depositions, should that prove necessary. The Government is contemplating filing a dispositive motion after plaintiff has completed its depositions. If the Government files such a motion, it will also file a motion requesting to stay discovery, so that it can later take depositions if the Court denies the Government's dispositive motion.

Finally, the parties have concluded that expert witnesses will not be necessary, and request to amend the current scheduling order so that it reads as follows:

| | |
|---|---|
| July 29, 2005 | Parties complete fact depositions |
| August 31, 2005 | Government dispositive motion due |

For the foregoing reasons, the parties respectfully request that this Court grant this joint motion to amend the scheduling order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Edward J. Tolchin

EDWARD J. TOLCHIN
Fettman, Tolchin & Majors, P.C.
10509 Judicial Drive, Suite 300
Fairfax, VA 22030
Tele: (703) 385-9500
Fax: (703) 385-9893

Attorney for Plaintiff

/s Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

DATED: May 27, 2005

DATED: May 27, 2005

OF COUNSEL:

MAJ Anissa N. Parekh
U.S. Army Legal Services
Agency

NOTICE OF FILING

I hereby certify that on May 27, 2005, a copy of the foregoing "JOINT MOTION TO AMEND THE SCHEDULING ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus