IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| METRICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-636C |
| v. | ) | (Judge Block) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant, it is stipulated and agreed between the parties:

1. On September 30, 2003, plaintiff, Metrica, Inc. ("Metrica"), entered into Contract No. DAMD17-03-F-0743 (the "contract") with the Department of the Army to deploy a software system known as Release 3.X of the Defense Medical Logistics Standard System.

2. The Army terminated the contract for cause, effective March 4, 2004, pursuant to a contracting officer’s final decision dated March 4, 2004.

3. On April 9, 2004, Metrica filed this suit challenging the contracting officer's final decision.

4. Metrica has offered to settle this suit in exchange for (1) conversion of the termination for cause to a termination for convenience; and (2) payment by the United States of $20,000, inclusive of any attorney fees, expenses, and costs to which

Metrica might be entitled.

5. Metrica's offer has been accepted on behalf of the Attorney General.

6. The United States consents to entry of judgment against the United States in favor of Metrica as set out in paragraph 4.

7. Upon entry of judgment, Metrica releases, waives, and abandons all claims against the United States, its political sub-divisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

8. Upon satisfaction of the terms set forth in paragraph 4, the United States releases, waives and abandons all claims against Metrica arising out of or related to the contract or otherwise involved in this case, except for fraud, regardless of whether they were included in the pleadings, including but not limited to all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

9. This stipulation is in no way related to or concerned with income or other taxes for which Metrica is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

10. Metrica warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Metrica further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Metrica, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

11. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

12. Plaintiff's counsel represents that he/she has been and is authorized to enter into this stipulation on behalf of Metrica.

13. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director
Authorized Representative
of the Attorney General

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

DATED: March 10, 2006

/s Edward J. Tolchin

EDWARD J. TOLCHIN
Fettman, Tolchin & Majors, P.C.
10509 Judicial Drive, Suite 300
Fairfax, VA 22030
Tele: (703) 385-9500
Fax: (703) 385-9893

Attorney for Plaintiff

DATED: March 10, 2006

OF COUNSEL:

CPT Nancy L. Berardinelli
U.S. Army Legal Services
Agency

NOTICE OF FILING

I hereby certify that on March 13, 2006, a copy of the foregoing “STIPULATION FOR ENTRY OF JUDGMENT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus